UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Lee Fairbanks,<br><br>Petitioner,<br><br>v.<br><br>Eddie Wilson, Warden WMCI Torrington,<br><br>Respondent. | Case No. 16-cv-4272 (DWF/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Petitioner Thomas Lee Fairbanks has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a conviction and sentence incurred in Minnesota state court. On January 4, 2017, this Court explained in detail why the petition was probably untimely and ordered Fairbanks to show cause within thirty days why the petition should not be dismissed as untimely. (Order [Doc. No. 2].) Fairbanks has not responded to the order. Accordingly, for the reasons explained below, this Court now recommends that the petition be summarily dismissed on the basis of untimeliness pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.

Fairbanks was convicted of the first-degree murder of a peace officer after a jury trial and sentenced to a term of life imprisonment without the possibility of release. *See State v. Fairbanks*, 842 N.W.2d 297, 301 (Minn. 2014). The Minnesota Supreme Court affirmed this conviction on February 5, 2014. *Id*. at 308. Fairbanks did not file a petition

for a writ of certiorari with the United States Supreme Court, and the period for him to do so expired on May 6, 2014. On February 7, 2015,[1] Fairbanks filed a petition for post-conviction review in state court challenging his conviction. That petition was denied, and the denial of the petition was affirmed by the Minnesota Supreme Court on July 20, 2016.

Fairbanks now seeks federal habeas corpus relief. Under § 2244(d)(1), however:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Fairbanks states that he filed his petition for post-conviction review on February 7, 2015. (Pet. at 3 [Doc. No. 1].) The Minnesota Supreme Court, by contrast, noted that the petition was filed on February 17, 2015. *See Fairbanks v. State*, 882 N.W.2d 226, 227 (Minn. 2016). This Court will assume that the earlier of those two dates is correct.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Fairbanks filing a habeas petition previously; (2) Fairbanks is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Fairbanks's claim is not predicated on any new factual discovery.

Under § 2244(d)(1)(A), then, Fairbanks was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The Minnesota Supreme Court denied review of Fairbanks's direct appeal on February 5, 2014, and his conviction became final ninety days thereafter, on May 6, 2014. *See Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014). Fairbanks filed his federal habeas corpus petition over two years later on December 12, 2016, the date that the petition was placed in the prison mailing system at the institution where Fairbanks is confined. (Pet. at 16.)

Although over two years passed between the date that Fairbanks's conviction became final and the date that he filed his federal habeas petition, not all of that time counts against the one-year limitations period. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In this case, 276 days passed

3

between May 6, 2014 (the date on which the judgment became final) and February 7, 2015 (the date on which Fairbanks submitted his petition for post-conviction review in state court). Fairbanks then filed his petition for post-conviction review in state court, and the one-year limitations period for federal habeas relief was tolled, with 89 days remaining (one year—that is, 365 days—minus the 276 days that had already expired). The federal limitations period began running again when the Minnesota Supreme Court affirmed the denial of his petition for post-conviction review on July 20, 2016, *see Snow v. Ault*, 238 F.3d 1033, 1035-36 (8th Cir. 2011) (finding that § 2244(d)(2) does not toll the limitations period for the ninety-day period in which the prisoner could seek a writ of certiorari from the United States Supreme Court), and the federal limitations period then expired eighty-nine days thereafter, on October 17, 2016. Fairbanks did not file his habeas corpus petition until December 12, 2016. This was too late.

Fairbanks suggests that his habeas petition is nevertheless timely because it was filed within one year of the date that his petition for post-conviction review was rejected by the Minnesota Supreme Court. But § 2244(d)(1) establishes "the date on which the judgment became final by the conclusion of *direct* review or the expiration of the time for seeking such review" as the date on which the federal limitations period begins to run (emphasis added), not the date on which post-conviction remedies are exhausted. And § 2244(d)(2) only pauses, not restarts, the one-year limitations clock. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005). Fairbanks had 89 days, not 365 days, in

4

which to file a federal habeas corpus petition following the conclusion of the state post-conviction proceedings.

The habeas corpus petition submitted by Fairbanks is therefore untimely. Accordingly, it is recommended that Fairbanks's habeas corpus petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings. Only one matter merits further comment. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Fairbanks's current habeas corpus petition differently than it is being treated here. Fairbanks has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Fairbanks should not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The Petition for Writ of Habeas Corpus filed by Thomas Lee Fairbanks [Doc. No. 1] be **SUMMARILY DISMISSED** as untimely.

2. No certificate of appealability be issued.

Dated: February 24, 2017          s/ *Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.